UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00404-RFB-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| DONELL TALLEY, | |
| Defendant. | |

Defendant Donell Talley moves the Court to vacate, set aside, or correct his sentence (ECF No. 145) on the basis that aiding and abetting a Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c). For the reasons below, his motion is denied.

**I.    FACTUAL AND PROCEEDURAL BACKGROUND**

On January 22, 2018, Mr. Talley pleaded guilty to aiding and abetting carjacking (Count 1), aiding and abetting Hobbs Act robbery (Count 2), and aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, namely Count 2 (Count 3). ECF Nos. 58, 65, 68, 69. On January 17, 2019, the Court imposed concurrent sentences of 18 months for Counts 1 and 2 and a consecutive sentence of 84 months for Count 3. ECF Nos. 136, 138. The Court also sentenced Mr. Talley to supervised release for three years on Counts 1 and 2 and five years on Count 3. ECF No. 138.

Following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019) (holding the § 924(c) residual clause is unconstitutionally vague), on June 23, 2020, Mr. Talley timely filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence relying on Davis. ECF No. 145.The motion was fully briefed. ECF Nos. 155, 158. On September 16, 2020, the

United States filed a Motion for leave to file a sur-reply, which the Court granted on September 29, 2020. ECF Nos. 163, 165. Mr. Talley Responded to the sur-reply on September 30, 2020. ECF No. 167. On April 27, 2021, the United States filed a Motion for Leave to Advise the Court of new authorities. ECF No. 172. On May 5, 2021, the Court granted the United States Motion for Leave to Advise and set a hearing for the Motion to Vacate. ECF No. 175. Mr. Talley Responded to the United States' Motion for Leave to Advise on May 11, 2021. ECF No. 182. On May 19, 2021, the Court deferred ruling on the Motion to Vacate. ECF No. 187. Subsequently, both Mr. Talley and the United States have kept the Court appraised of developments in the caselaw post-Davis. ECF Nos. 191, 213, 217, 220, 221, 223, 226.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." Id.; see United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." Id.

## III.   DISCUSSION

The Court finds that there are no grounds to grant § 2255 relief.

Section 924(c), under which Mr. Talley was convicted, prohibits the use of a firearm "during and in relations to any crime of violence." 18 U.S.C. § 924(c)(1)(A). Following the Supreme Court's ruling in Davis, a felony qualifies as a crime of violence only if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); see also Davis, 139 S. Ct. 2319 (invalidating

18 U.S.C. § 924(c)(3)(B)).

The Hobbs Act, under which Mr. Talley was convicted and which also supports his conviction under Count 3, criminalizes committing, attempting to commit, or conspiring to commit a robbery with an interstate component. 18 U.S.C. § 1951(a). Mr. Talley was convicted under an aiding and abetting theory of criminal liability. Section 924(c) authorizes heightened sentences for those who use a firearm in connection with a "crime of violence." 18 U.S.C. § 924(c). Mr. Talley argues that, while Hobbs Act robbery is a crime of violence, he was convicted of aiding and abetting, which should not be considered a crime of violence.

The door to this argument opened with the Supreme Court's decision in United States v. Davis, which presented the possibility that all or some forms of Hobbs Act robbery were not crimes of violence under § 924(c). 139 S. Ct. 2319. Following Davis, only federal felonies that have as an element the use, attempted use, or threatened use of force qualify for § 924(c).[1] 18 U.S.C. § 924(c)(3)(A). In United States v. Taylor, the Supreme Court held that no element of attempted Hobbs Act robbery required proof of the defendant's use, attempted use, or threat to use force. 142 S. Ct. 2015, 2020 (2022). Therefore, attempted Hobbs Act robbery was not a crime of violence and § 924(c) does not apply. Id. at 2021.

However, the Supreme Court and the Ninth Circuit recently closed that door to § 2255 relief for those convicted of aiding and abetting Hobbs Act robbery. Following Taylor, the Ninth Circuit has held that while attempted Hobbs Act robbery is not a crime of violence, completed Hobbs Act robbery remains a crime of violence. United States v. Eckford, 77 F.4th 1228 (9th Cir. 2023). Further, in Eckford, the Ninth Circuit also held that aiding and abetting a Hobbs Act robbery is a crime of violence. 77 F.4th at 1237. "One who aids and abets the commission of a violent offense has been convicted of the same elements as one who was convicted as a principal . . . ." Id. Therefore, aiding and abetting Hobbs Act robbery, like completed Hobbs Act robbery, is a crime of violence within the meaning of § 924(c). Id.; see also Young v. United States, 22 F.4th

---

[1] Prior to Davis, it was settled law in this circuit that Hobbs Act robbery was a crime of violence under a different provision of § 924(c). See United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993) (holding that Hobbs Act robbery was a crime of violence under the residual clause); Davis, 139 S. Ct. at 2336 (invalidating the residual clause).

1115, 1122-23 (9th Cir. 2022) ("We therefore hold that, because armed bank robbery is categorically a crime of violence, a person who aids or abets armed bank robbery falls, like a principal, within the scope of the definition of the underlying offense and is deemed to have committed a crime of violence under § 924(c)'s elements clause.").

Since aiding and abetting Hobbs Act robbery is a crime of violence, Mr. Talley's conviction under § 924(c) is sound.

### IV.  CERTIFICATE OF APPEALABILITY

This is a final order adverse to the Petitioner Mr. Talley. As such, Rule 11(a) of the Rules Governing Section 2255 Cases requires this Court to issue or deny a certificate of appealability (COA). See also 28 U.S.C. § 2253(c)(1)(B). Without a COA, Mr. Talley "may not appeal that denial." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). To issue a COA, the Court must find that Mr. Talley "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the Court looks for a showing that "reasonable jurists would find [this Court's] assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the Court found that settled, binding caselaw disposes of Mr. Talley's claims, the Court finds that no reasonable jurist could find the Court's assessment debatable or wrong.

### V.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Donell Talley's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 145) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Donell Talley is **DENIED** a Certificate of Appealability.

**IT IS FURTHER ORDERED** that the United States' Motion to Advise the Court (ECF No. 221) is **GRANTED**.

**DATED** this 4ths day of December 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**